**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10477 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00106-RMW-2 |
| v. | |
| FRANCISCO TORRES FELIX, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted February 14, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and BENNETT, District Judge.[**]

Francisco Torres Felix appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute a mixture containing cocaine (21 U.S.C. §§ 841 and 846); possession with intent to distribute a mixture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the United States District Court for the Northern District of Iowa, sitting by designation.

containing cocaine (21 U.S.C. § 841); carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)); possession of a firearm as an undocumented person (18 U.S.C. § 922(g)(5)(A)); and illegal reentry (8 U.S.C. § 1326).

Torres Felix first contends that the district court did not adequately explain the elements of the § 924(c) offense because it conflated the offense's two clauses. The district court's conflation does not constitute reversible error. The clauses are similar in the proof they require. Thus, "[g]iven the conceptual similarity between the two statutory clauses," the conflation did not "seriously affect the fairness, integrity or reputation of the" proceeding. *United States v. Nobari*, 574 F.3d 1065, 1080 (9th Cir. 2009) (citation, internal quotation marks, and brackets omitted). *Nobari* dealt with jury instructions, not a plea colloquy, but the possible prejudicial implications of the misstatement were, if anything, greater in the instructional context than in that of a counseled plea colloquy.

Torres Felix next contends that the district court erred by misstating the offense's maximum sentence. However, Torres Felix failed to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). The district court gave

2

Torres Felix numerous opportunities to withdraw his plea and Torres Felix declined to do so.

Finally, Torres Felix appeals his sentencing to a consecutive mandatory minimum sentence for his violation of § 924(c) given that he was already subject to a mandatory minimum for the drug offense. As Torres Felix conceded at oral argument, *Abbott v. United States* forecloses this challenge. 131 S. Ct. 18, 23 (2010) ("[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." ).

**AFFIRMED**.